IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HAROLD L. DORTCH, #298361,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 2:22-cv-472-WHA-CWB |
| | ) |
| | ) |
| **DR. KIDD, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.    Introduction**

Plaintiff filed this 42 U.S.C. § 1983 action on August 8, 2022 while incarcerated at Easterling Correctional Facility in Clio, Alabama. (Doc. 1). The core allegation in the Complaint was that Defendants were exhibiting deliberate indifference toward Plaintiff's medical needs. (*Id.*). In addition to seeking monetary damages, Plaintiff also made a request for declaratory and injunctive relief—including a request for a preliminary injunction "ordering Defendants to cease their physical violance [sic] not giveing [sic] me my pain medication and retaliating toward Dortch." (Doc. 1 at p. 5). While the request was pending, however, Plaintiff informed the court that he had been transferred to Limestone Correctional Facility in Harvest, Alabama. (Doc. 10). The undersigned thus recommends that Plaintiff's request for preliminary injunctive relief be denied.[1]

---

[1] On October 14, 2022, the court issued an Order to show cause why Plaintiff's request for a preliminary injunction should not be granted. (Doc. 9). Defendants filed their response in opposition to such preliminary injunctive relief on November 14, 2022. (Doc. 15). In their filing, Defendants confirmed that Plaintiff indeed was transferred to Limestone Correctional Facility on September 29, 2022. (*Id.*).

## II. Legal Standard

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court ... ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). However, a court may grant a preliminary injunction only if the moving party demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *see also McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's Corp.*, 147 F.3d at 1306 (citation and internal quotation marks omitted); *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Ass'n Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990)).

## III. Discussion

Here, Plaintiff seeks a preliminary injunction that would compel Defendants "to cease their physical violance [sic] not giveing [sic] me my pain medication and retaliating toward Dortch." (Doc. 1 at p. 5). Because such relief would be directed exclusively toward conduct allegedly

occurring at Easterling Correctional Facility, Plaintiff's recent transfer to a new facility has alleviated the threat of irreparable injury arising from the alleged conduct and thereby has rendered moot the pending request for preliminary injunctive relief. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"); *see also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) ("This court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.'") (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)); *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury.").

## IV.  Conclusion

Accordingly, the Magistrate Judge hereby RECOMMENDS that:

1. Plaintiff's request for preliminary injunction (Doc. 1) be DENIED as moot; and
2. this case be referred back to the undersigned for additional proceedings.

It is ORDERED that any objections to this Recommendation be filed by December 7, 2022. An objecting party must identify in writing the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon

grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 23rd day of November 2022.

    /s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**