IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAROLD L. DORTCH, #298361, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-472-WHA-CWB |
| | ) |
| DR. KIDD, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Harold L. Dortch filed this 42 U.S.C. § 1983 action on August 8, 2022. (Doc. 1). Defendants have since filed Special Reports and supporting evidentiary materials denying Plaintiff's allegations. (Docs. 24 & 25). On February 9, 2023, the court instructed Plaintiff to file a response to Defendants' materials by March 23, 2023. (Doc. 33). The court specifically cautioned Plaintiff that his failure to do so would result in a recommendation of dismissal for failure to prosecute. (*Id.*). Despite that admonition, however, Plaintiff has taken no action.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Such authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id. See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that

1

dismissal for failure to obey a court order generally is not an abuse of discretion where a litigant has been forewarned).  Considering Plaintiff's willful non-compliance with the instructions of the court, the undersigned Magistrate Judge hereby **RECOMMENDS** that this case be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **April 14, 2023**.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.   11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 31st day of March 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**